KEVIN A. DARBY, NVSB# 7670
TRICIA M. DARBY, NVSB# 7959
DARBY LAW PRACTICE, LTD.
499 W. Plumb Lane, Suite 202
Reno, Nevada 89509
Telephone: (775) 322-1237
Facsimile:  (775) 996-7290
E-mail: kevin@darbylawpractice.com
         tricia@darbylawpractice.com

Counsel for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>JUST FLOOR IT!,<br><br>　　　　　　　　Debtor.<br>_____/ | CASE NO.:   BK-N-24-50288-hlb<br>Chapter 11 – Subchapter V<br><br>**STIPULATION: (1) AMENDING PLAN OF REORGANIZATION; AND (2) FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Hearing Date:  September 11, 2024<br>Hearing Time: 2:30 p.m. |

　　　　Debtor and debtor in possession, JUST FLOOR IT! ("Debtor"), by and through its counsel of record, Kevin A. Darby, Esq. of Darby Law Practice, Ltd., and ALLY BANK, by and through its counsel of record, Martin L. Welsh, Esq. of the Law Office of Hayes & Welsh. ("Ally"), hereby stipulate and agree as follows:

　　　　　　　　　　　　　　　　　　　RECITALS

　　　　1.　　Debtor is a Nevada corporation with its principal place of business in Sparks, Nevada.

　　　　2.　　On March 26, 2024, Debtor filed a voluntary petition under Chapter 11, Subchapter V, of the Bankruptcy Code (the "Petition Date"). Debtor is a debtor and debtor in possession pursuant to Sections 1182(2) and 1184 of the Bankruptcy Code.

　　　　3.　　On the Petition Date, the Ally held a security interest in Debtor's 2021 Chevrolet Tahoe RST Sport Utility 4D, V.I.N # 1GNSKRKT6MR281891 ("Collateral") to secure a purchase

money loan by Ally to Debtor.

4. On June 24, 2024, Debtor filed its *Subchapter V Small Business Plan of Reorganization* (the "Plan"), which classifies Ally's claim in Class 1. The Plan provides for the balance of the Class 1 claim to be paid in full over 5-years with interest fixed at 10.5% per annum and monthly payment of $1,827.24. *See Docket No. 61*.

5. Debtor has determined that it does not need the Collateral to operate its business and that retaining the Collateral places an unnecessary financial burden on the Debtor.

6. Debtor and Ally have agreed to amend the Plan to provide for the surrender of the Collateral to Ally.

AGREEMENT

Now, therefore, based on the foregoing, Debtor and the Ally stipulate and agree as follows:

A. The treatment of Ally's Class 1 claim set forth in Section 4.01 of the Plan shall be deleted and replaced in its entirety with the following:

| *Class* | *Impairment* | *Treatment* |
|---|---|---|
| Class 1:<br>**ALLY BANK**<br>Collateral:<br>**2021 Chevrolet Tahoe RST** | ☒ Impaired<br>☐ Unimpaired | Debtor shall surrender the Collateral to the Class 1 claimholder. Upon disposition of the Collateral, but not later than December 31, 2024, the Class 1 claimholder may file a proof of claim for any deficiency, which shall constitute a Class 9 non-priority general unsecured claim and shall maintain only the rights of a Class 9 claimholder under this Plan. |

B. The automatic stay provided by 11 U.S.C. § 362 shall be vacated upon entry of an order approving this Stipulation solely for the purpose of allowing Ally to retake and liquidate the Collateral. Any claim for a deficiency must be pursued through a proof of claim filed in this case.

///

///

///

C. Upon entry of an order approving this Stipulation, the Stipulation shall be deemed Ally's vote to accept the Plan.

DATED this 4th day of September, 2024.

| DARBY LAW PRACTICE, LTD. | LAW OFFICE OF HAYES & WELSH |
|---|---|
| */s/ Kevin A. Darby* | */s/ Martin L. Welsh* |
| By: _____<br>KEVIN A. DARBY, ESQ.<br>Counsel for Debtor | By: _____<br>MARTIN L. WELSH, ESQ.<br>Counsel for Ally Bank |